1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD ASHLINE, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 04-3687 CRB (PR) |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION FOR |
| ROBERT M. PHANG, D.D.S., | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant(s). | ) | (Doc # 18) |
| _____ | ) | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP") and frequent litigant in federal court, filed a First Amended Complaint ("FAC") under 42 U.S.C. § 1983 alleging that he has had "a real bad toothache" for more than year and that Dr. Phang, D.D.S., "will not pull it."

Per order filed on August 30, 2005, the court found that plaintiff's allegations, liberally construed, stated a cognizable claim under § 1983 for deliberate indifference to serious medical needs and ordered the United States Marshal to serve Phang ("defendant").

Defendant now moves for summary judgment on the ground that there are no material facts in dispute and that he is entitled to judgment as a matter of law. Plaintiff did not file an opposition despite being advised to do so.

**DISCUSSION**

A.     Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

B.     Analysis

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v.

Gamble, 429 U.S. 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence is not enough for liability under the Eighth Amendment.  Id. at 835-36 & n.4.  An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care."  Estelle, 429 U.S. at 104-05.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is generally insufficient to establish deliberate indifference.  Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In order to prevail on a claim involving choices between alternative courses of treatment, a prisoner-

3

plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Defendant claims he is entitled to summary judgment because the undisputed facts show that plaintiff has received adequate dental treatment and care.  In support, he submits a declaration and documentary evidence showing that plaintiff experienced dental pain and requested to have tooth #27 extracted. After examining plaintiff's teeth, defendant determined that the tooth at issue showed no apparent pathology (on X-ray or otherwise) and that plaintiff's clenching of his teeth was the probable cause of the discomfort.  Defendant further determined that, in his professional opinion, a more appropriate course of treatment was to provide medication, new dental appliances ("occlusal" mouth guards), a series of adjustments to plaintiff's dentures and advice concerning avoidance of clenching one's teeth.  Defendant's professional opinion was that tooth #27 should not be extracted and that, if it were pulled, plaintiff's tooth-clenching behavior would soon implicate other teeth.

Under these facts, defendant was not deliberately indifferent to plaintiff's serious medical needs.  Plaintiff's mere disagreement with the course of treatment defendant elected to pursue does not show deliberate indifference.  See Franklin, 662 F.2d at 1344.  At most, plaintiff's allegations show medical malpractice or negligence insufficient to make out a violation of the Eighth Amendment.  See Toguchi, 391 F.3d at 1060-61; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).  Only deliberate indifference is actionable under § 1983 in the prison context and plaintiff has set forth no evidence whatsoever showing a  genuine issue for trial on a claim that the treatment decision defendant made was

4

medically unacceptable under the circumstances and that defendant made them in conscious disregard of an excessive risk to plaintiff's health.  See Toguchi, 391 F.3d at 1058; Jackson, 90 F.3d at 332.  Defendant is entitled to summary judgment on plaintiff's deliberate indifference to serious medical needs claim. See Celotex Corp., 477 U.S. at 323.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (doc # 18) is GRANTED.

The clerk shall enter judgment in favor of defendant and close the file.

SO ORDERED.

DATED:  March 2, 2006 

CHARLES R. BREYER
United States District Judge

5